IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

PERKINS T. MCCAULEY,

    Plaintiff,                    No. CIV S-06-0902 CMK

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                    <u>ORDER</u>

                       /

        Plaintiff, Perkins T. McCauley, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction, the motions are before the undersigned for decision. For the reasons discussed below, the court vacates the Commissioner's decision and remands this matter for further administrative proceedings.

///
///
///
///
///
///

## PROCEDURAL BACKGROUND

Plaintiff applied for Supplemental Security Income (SSI), with a protective filing date of March 24, 2004, alleging disability due to asthma, ear drainage, lack of equilibrium, frequent headaches, dizziness, a backache, and pain in his wrists.[1]  (Tr. 12, 58, 67.)  His claim was denied initially and upon reconsideration.  (Tr. 28-47.)  A hearing was held before Administrative Law Judge (ALJ) Robert Rogers on May 26, 2005.  (Tr. 218-232.)  Plaintiff, his attorney, and a vocational expert were present at the hearing.  (Tr. 218-232.)  In a decision dated July 29, 2005, the ALJ found that plaintiff was not disabled under the Social Security Act.  (Tr. 9-21.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 22, 2006.  (Tr. 4.)  Plaintiff timely commenced this action.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The initial burden of proof rests upon the claimant to establish his or her disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The Commissioner bears the burden of developing the record. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the

///

---

[1] The protective filing alleged on October 22, 2001, however due to denial of a prior claim filed on April 24, 2003, the onset date was administratively amended to April 24, 2003.  (Tr. 220.)

Commissioner's decision. See Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

**DISABILITY ANALYSIS**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. At steps one through four, the burden of proof is on the claimant. Tackett v. Apfel, 180 F.3d 1094, 1098-1099 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id. Below is a summary of the five steps, which also are described in Tackett:

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b). In this case, the ALJ found that the plaintiff was not engaged in substantial gainful activity. This finding is not challenged.

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step two, the ALJ found that plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary disease, mixed moderate hearing loss in the left ear, and severe mixed hearing loss in the right ear with chronic right ear draining. (Tr. 13.). Plaintiff does not dispute these findings.

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four. 20 C.F.R. §§ 404.1520(d), 416.920(d). At step three, the ALJ found that

plaintiff's impairments did not meet or equal a listed impairment. This finding is in dispute; specifically, plaintiff asserts that the ALJ erred by rejecting plaintiff's treating physician's opinion.

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ determined that plaintiff was unable to perform his past relevant work as a day laborer, lumber stacker, or landscape laborer. Plaintiff does not dispute this finding. The ALJ found, however, that plaintiff retained the residual functional capacity to perform his past relevant work as a cashier and electrician's assistant. Plaintiff disputes this finding.

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). Because the ALJ determined that plaintiff could perform his past relevant work, he did not use the testimony of the VE to determine whether plaintiff could perform other work in the national economy. Plaintiff argues that, in light of his non-exertional limitations, the ALJ should have used the VE to determine plaintiff's employability.

## FACTUAL BACKGROUND

Plaintiff was 54 years old at the time of the administrative hearing. (Tr. 221.) He has completed two years of college. (Tr. 221.) Plaintiff has several health problems, but the two that bother him the most are his asthma and his hearing loss. (Tr. 222.) Plaintiff has had several ear surgeries, has significant hearing loss (moderate in the left ear and severe in the right ear), and has chronic ear drainage from his right ear. (Tr. 222-23.) He cannot use a hearing aid because it

"clogs up the air pocket" in his ear. (Tr. 223.) Plaintiff has headaches, left arm and hand weakness, chronic obstructive pulmonary disease and chronic sinusitis. (Tr. 222-24, 200-203.) Plaintiff also has problems with his balance–if he stands up too fast he gets light headed and dizzy. (Tr. 223.) He testified that too much noise gives him a headache or slight dizziness. (Tr. 224.)

Plaintiff was examined by his treating physicians at Sacramento County Capital Health Clinic; most often by Patricia Will, M.D. from June 2004 through April 2005. (Tr. 190-217.) Plaintiff was examined by a consultative examiner, J. Martin, M.D, who noted moderate degenerative changes in plaintiff's hands, feet, and knees and observed that plaintiff had a moderate to severe respiratory impairment. (Tr. 170-178.) A non-examining state agency physician, David Pong, found that plaintiff had no exertional limitations. (Tr. 180.) Dr. Pong found that plaintiff had limited hearing and that he should avoid concentrated exposure to machinery and heights and should avoid moderate exposure to fumes, odors, gases, and poor ventilation. (Tr. 183.)

The medical records in this case accurately set forth plaintiff's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical records. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to consider the opinion of the treating physician; (2) failing to fully develop the record; and (3) failing to use the VE to determine plaintiff's employability because of his non-exertional limitations.[2]

I.  Failure To Consider The Treating Physician's Opinion

Plaintiff contends that the ALJ improperly rejected the opinion of plaintiff's treating physician, Patricia Will, M.D.

///

---

[2] In his brief in support of summary judgment, plaintiff asserts that the ALJ erred in rejecting the testimony of plaintiff. (Mot. Summ. J at 3.) However, plaintiff does not develop this argument in his brief, and the court declines to develop this argument for him.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(2). In general, the opinion of specialists concerning matters relating to their specialty are entitled to more weight than the opinions of nonspecialists. Id.; § 404.1527(d)(5). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. Id. at 1202 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 C.F.R. 404.1527. Id. (citing SSR 96-2p). An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record. Id.

The ALJ correctly notes that, while the statement of a treating physician is generally entitled to great weight, he is not bound by the treating physician's opinion where it is controverted by substantial evidence. The physician's opinion must be considered in light of (l) the length of the relationship; (2) the kinds and extent of examinations and tests performed; (3) the supportability of the opinion by medical signs; (4) the consistency of the opinion with the record as a whole; (5) whether the source of the opinion is a specialist in the relevant area; and (6) the extent to which the source is familiar with other information in the case record. 20 C.F.R. § 404.1527.

Plaintiff's primary treating physician, Dr. Will, is a physician with the Sacramento County Capital Health Clinic. She treated plaintiff from June 2004 through June 2005. (Tr. 187-217.) Dr. Will noted that plaintiff had hearing loss which required him to read lips, as well as chronic ear drainage. (Tr. 200-03.) She noted plaintiff's chronic ear draining, weakness in his left arm and hand, cramps in his feet, chronic obstructive pulmonary disease, chronic sinusitis, and asthma. (Tr. 200-03.) In a medical source statement, Dr. Will opined that plaintiff's asthma limited him to carrying 10 pounds occasionally and to carrying less than 10 pounds frequently.

(Tr. 187.) She noted that his ability to stand and or walk with normal breaks was less than 2 hours in an 8 hour workday; that his ability to sit was 6 hours of an 8 hour workday and that he needed alternate sitting and standing. (Tr. 187-88.) She noted that he should never engage in climbing or balancing; limited stooping, kneeling, crouching, crawling to occasional, and noted that plaintiff's impairments necessitated environmental restrictions on heights and dust. (Tr. 187-88.)

The ALJ summarized Dr. Will's treatment notes and opinion. He stated:

> The undersigned can give little evidentiary weight to the extreme findings assessed by the claimant's treating practitioner, Patricia Will, M.D., C. Street Clinic, in her medical assessment which was completed in April 2005. While generally the statement of a treating physician is entitled to great weight, the undersigned is not bound by the treating physician's opinion where it is controverted by substantial evidence. The undersigned believes that this physician has failed to cite clinical findings, x-ray results, or electro diagnostic [sic] results that are consistent with the degree of limitations he [sic] and the claimant allege.

(Tr. 17-18.) Specifically, the ALJ noted that objective clinical findings in the treating source records were not consistent with limitations assessed or consistent with the findings in the other evidence of record.

Dr. Will's assessment is based largely on plaintiff's subjective complaints, which is a valid reason to give it less weight. However, this is balanced by the fact that Dr. Will is plaintiff's treating physician and her opinion is entitled to greater weight than that of a non-examining physician. This is because the treating physician is in a unique position to know the patient as an individual. Embry v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ's assertion that Dr. Will's assessment was at odds with the opinion of consultative examiner Dr. Martin is in error. Dr. Martin noted that plaintiff had hearing problems, moderate to severe respiratory impairment that necessitated avoiding fumes, odors, dusts, and gases, hearing loss, and moderate degenerative changes in the hands, feet, and knees. Dr. Martin opined that plaintiff should work in an environment free from extraneous noises. (Tr. 170-72.) Both Dr. Will and Dr. Martin noted that plaintiff suffered from respiratory impairments. Dr. Will's limitation of plaintiff's lifting was due to his asthma. As such, the court cannot conclude that Dr. Will's limitations on plaintiff's lifting due to his asthma are inconsistent with the opinion of Dr. Martin. Moreover, Dr. Martin noted that plaintiff had moderate degenerative changes to

his knees, which could be consistent with Dr. Will's assessment (which was based on plaintiff's subjective complaints) that plaintiff required alternate sitting and standing.

The ALJ's decision to disregard the opinion of treating physician Dr. Will in favor of the opinion of non-treating physician David Pong, M.D. is not supported by specific and legitimate reasons[3] which are supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 831 (9th Cir.1995) (stating that "[t]he opinion of a nonexamining physician is not by itself substantial evidence that justifies the rejection of the opinion of a treating physician.")  Therefore, the ALJ's conclusion that the plaintiff's condition allows a full range of medium work is not supported by substantial evidence. The court will remand this case for further consideration of plaintiff's claims.

II.  Failure To Fully Develop The Record

Plaintiff contends that the ALJ failed to discharge his duty to fully develop the record. In order to demonstrate that the ALJ did not fulfill this duty, plaintiff must point to relevant evidence that the ALJ neglected to obtain. Tonapetyan v. Halter, 242 F3d 1144, 1150 (9th Cir2001).  Plaintiff asserts that particularly because the ALJ cited the lack of supporting clinical findings as grounds for rejecting his treating physician's assessment, the ALJ was required to order further clinical studies or further medical examination of plaintiff.

The court is not persuaded by plaintiff's argument.  The case history reflects that the ALJ kept the record open following the administrative hearing to allow plaintiff to submit additional medical evidence to buttress his disability claim–which plaintiff did submit.  It is not up to the ALJ to find support for plaintiff's disability claim; plaintiff ultimately bears the burden of presenting evidence within his control that shows eligibility for benefits. See, e.g., 20 C.F.R.

---

[3]This court is mindful that the opinion of a treating physician may be properly discredited under the "specific and legitimate reason" standard if (1) the claimant's subjective complaints are properly discredited, and (2) the treating physician's opinion was premised on the claimant's subjective complaints. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989).  In the instant case, however, the ALJ did not properly discredit plaintiff's subjective complaints.  For example, the ALJ appears to discredit plaintiff's hearing problem, stating: "[n]o difficulties were noted in the claimant's ability to hear or answer when the claimant was interviewed at a social security field office."  This observation directly contradicts the assessment of both the examining physicians and the non-examining physician. (Tr. 170, 183, 200.)

§§ 404.704-.750, 416.912; see also Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999). The court finds that the ALJ properly discharged his duty to fully develop the record.

III.  Failure To Use A Vocational Expert To Determine Plaintiff's Employability

Plaintiff's final claim of error is that the ALJ failed to utilize the testimony of a VE to determine his employability because of his non-exertional limitations. If a claimant suffers from non-exertional limitations, an ALJ should use the testimony of a VE to determine what jobs a claimant may perform in the national economy. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).

Here, the ALJ found that plaintiff could perform the full range of medium exertional level work activity, but should avoid fumes, odors, dusts, gases, poor ventilation, working with machinery and at heights and should avoid more than moderate noise. (Tr. 19.) These are non-exertional limitations. Despite these limitations, the ALJ concluded that plaintiff could return to his past work as an electrician's assistant and as a cashier. The court notes, however, that plaintiff testified that his past work as an electrician's assistant required him to climb up into attics, which would often make it impossible for plaintiff to avoid heights, dust, and poor ventilation. In light of the court's finding that this matter must be remanded for further consideration of plaintiff's claims, the court will not address whether the ALJ's failure to use a VE to determine plaintiff's employability constituted error. However, if the ALJ determines upon further consideration of plaintiff's claims upon remand that plaintiff suffers from non-exertional limitations, the ALJ shall use a VE when determining what jobs plaintiff may perform in the national economy.

///
///
///
///
///
///
///

## CONCLUSION

The ALJ's rejection of Dr. Will's assessment of Plaintiff's limitations is not supported by substantial and legitimate or clear and convincing reasons.

Accordingly, IT IS ORDERED that:

1. The cross motions for summary judgment are denied and

2. This matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion.

DATED: September 5, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE